**Dated: March 27, 2017**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                              )
                                    )
Ethan C. Lee,                       )          Case No. 17-10118-JDL
                                    )          Chapter 13
                                    )
                 Debtor.            )

### ORDER GRANTING MOTION TO COMPEL

This matter comes before the Court on the *Motion to Compel Debtor's Attendance at Rule 2004 Examination* filed by Cleland Edwards (the "Motion") [Doc. 40] and *Debtor's Objection to Cleland Edwards' Motion to Compel Debtor's Attendance at Rule 2004 Examination* (the "Objection") [Doc. 42]. The Motion seeks to compel Debtor, Ethan C. Lee, to appear for a Rule 2004 examination and to produce documents involving certain pre-petition transactions between the parties. Following the First Meeting of Creditors held on February 23, 2017, counsel for Edwards and Debtor had agreed by Stipulation for Debtor to appear for a 2004 examination on March 10, 2017, and to produce specified documents. [Doc. 40, Ex.2]. However, the day before the scheduled 2004 examination counsel for Debtor advised Edwards' counsel that Debtor would not appear or produce

documents.   As asserted in Debtor's Objection, Debtor is the named Defendant in a criminal case pending in Lincoln County charging him with obtaining cash or merchandise by bogus check/false pretenses arising out of pre-petition transactions with Edwards.   As a result, Debtor asserts he will not attend the rule 2004 examination or produce documentation while the criminal case is pending. [Doc. 42, ¶ 5].

The issue for the Court is whether the Debtor can be compelled to attend a Rule 2004 examination and produce documents while a criminal matter is pending.   While neither party cited any authority for their respective positions, the Court, based on its review of authority, resolves the issue in the affirmative.

The Fifth Amendment of the United States Constitution prohibits compelled self-incrimination. *United States v. Doe*, 465 U.S. 605, 610, 104 S.Ct. 1237 (1984).  The right against self-incrimination may be asserted in "any civil, criminal, or administrative" proceeding. *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653 (1972). "The Fifth Amendment privilege against self-incrimination may be properly asserted by a debtor in a bankruptcy proceeding with the debtor retaining the right to receive a discharge." *In re Ciotti,* 442 B.R. 412 (Bankr. W.D. Pa. 2011); *In re Nam*, 245 B.R. 216, 224, n.7 (Bankr. E.D. Pa. 2000); *In re Potter*, 88 B.R. 843, 849 (Bankr. N.D. Ill. 1988) (citing *In re Martin-Trigona*, 732 F.2d 170 (2d Cir. 1984).  Debtor, however, does not have the right to simply refuse to appear at a Rule 2004 examination or to produce documentation.

A debtor seeking relief on his debt obligations by filing a petition under the Bankruptcy Code does so willingly and voluntarily and is not entitled to as much consideration in being compelled to testify as would be another witness who had no

interest in the proceeding. *Scarfia v. Holiday Bank*,, 129 B.R. 671, 675 (D. M.D. Fla. 1990).

Therefore, "[a] witness cannot relieve himself of the duty to answer questions . . . put to

him by a mere blanket invocation of the privilege." *Burt Hill, Inc. v. Hassan*, 2009 WL

4730231 (D. W.D. Pa. 2009) (citing *National Life Ins. Co. v. Hartford Accident & Indemnity

Co.*, 615 F.2d 595, 598 (3rd Cir. 1980)).  As pointed out by the Tenth Circuit BAP in *In re

Lindsey*,  229  B.R. 797, 801 (10th Cir. BAP 1999):

> * * * A blanket assertion of the privilege by witness is not
> sufficient to meet the reasonable cause requirement and the
> privilege cannot be claimed in advance of the questions.  The
> privilege must be asserted by a witness with respect to
> particular questions, and in each instance, the Court must
> determine the propriety of the refusal to testify.

Similarly, as to production of documents the debtor must specifically assert the privilege

as to particular documents and in each instance, the Court must determine the propriety

of the debtor's refusal to turn over the documents. *In re Morganroth*, 718 F.2d 161, 167 (6th

Cir. 1983).

The Court recognizes that Debtor's concern about criminal prosecution is not

"remote and speculative" but is "real".  *United States v. Jones*, 703 F.2d 473, 476 (10th  Cir.

1983).   The criminal charges are pending. That being said, the scope of the 2004

examination and document production can be far reaching, and Debtor is not entitled to

preemptively block any questions which the creditor or trustee may wish to put forth simply

by refusing to attend a Rule 2004 examination or refusing to produce documents

requested.  Accordingly,

**IT IS ORDERED** that the Motion to Compel of Cleland Edwards [Doc. 40] is hereby

**Granted**, and Debtor, Ethan C. Lee, is hereby directed to appear for a 2004 examination

at a time to be mutually agreed between Creditor and Debtor or, in the event that no such agreement can be had, at the time to be fixed by the court upon proper application.  In the event that at such 2004 examination, Debtor invokes the privilege, then Debtor's Counsel shall be prepared to demonstrate the grounds for invoking the privilege with regard to the specific questions posed or specific documents requested.  Similarly, in response to any assertion of the privilege, the Creditor's counsel should be prepared to argue, if warranted: the appropriateness of the reasons asserted; whether Debtor waived the privilege by prior testimony at the 341 meeting; and, the extent to which Debtor's invocation of his Fifth Amendment rights will hamper or make it impossible to administer the estate.

# # #